UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA I., o/b/o R.J.R.D.,

                        Plaintiff,

v.                                                          1:20-CV-1799
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

BRANDI CHRISINE SMITH
  Counsel for Plaintiff
105 Delmar Mitchell Dr.
Buffalo, NY 14204

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                  JUDITH COHEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II     KATHRYN SMITH, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 10.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Claimant was born in 2008.  (T. 50.)  She was a school-age child at the time of application and a school-age child at the date of the hearing.  (T. 11.)  Generally, Claimant's alleged disability consists of attention deficit disorder ("ADD") and attention deficit hyperactivity disorder ("ADHD").  (T. 51.)  Her alleged disability onset date is March 13, 2017.  (*Id.*)

### B.      Procedural History

On March 15, 2018, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on behalf of Claimant, a minor.  (T. 67.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On January 9, 2020, Plaintiff appeared before the ALJ, Robert Gonzalez.  (T. 31-49.)  On February 10, 2020, ALJ Gonzalez issued a written decision finding Claimant not disabled under the Social Security Act. (T. 7-20.)  On October 6, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 11-17.)  First, the ALJ found Claimant was a school-aged child on the date of application and at the date of the hearing.  (T. 11.)  Second, the ALJ

found Claimant had not engaged in substantial gainful activity since the application date. (*Id.*)  Third, the ALJ found Claimant had the severe impairments of ADD; ADHD; and moderate expressive and receptive language delay. (*Id.*)  Fourth, the ALJ found Claimant did not have an impairment that meets or medically equals one of the Listings. (*Id.*)  Fifth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings. (T. 11-17.) Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since March 15, 2018, the date her application was filed. (T. 26.)

## II.  THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.  Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ failed to fully develop the record. (Dkt. No. 7 at 6-12.)  Plaintiff filed a reply in which she deemed no reply necessary. (Dkt. No. 9.)

### B.  Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues Plaintiff fails to establish legal error in the ALJ's development of the record. (Dkt. No. 8 at 5-9.)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than

the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine de novo whether a plaintiff is disabled." *Brault*, 683 F.3d. at 447. "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault*, 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

B. **Standard to Determine Disability**

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The

Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled.  20 C.F.R. § 416.924(d).

## III.   Analysis

Plaintiff argues the ALJ failed to obtain missing education records and therefore failed in his duty to develop the record.  (Dkt. No. 7 at 6-12.)  Plaintiff asserts records from the North Tonawanda Central School District are missing and the ALJ failed to subpoena the missing records.  (*Id.* at 8.)  For the reasons outlined below, the ALJ fulfilled his duty to develop the record.

In general, "the ALJ [must] affirmatively develop the record ... even when, as here, the claimant is represented by counsel."  *See Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996) (internal citations omitted).  To discharge the duty, the ALJ will develop a complete medical history "for at least the 12 months preceding the month in which [Plaintiff] file[s] [her] application."  20 C.F.R. § 416.912(b).  An ALJ will "make every reasonable effort to help [the plaintiff] get medical reports from [her] own medical sources."  *Id.*  Every reasonable effort is defined in the regulations as "an initial request for evidence from [the] medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, [the ALJ] will make one follow-up request to obtain the medical evidence necessary to make a determination."  *Id.* § 416.912(b)(i).

In the case of applications for a child's benefits, the regulations "expressly provide that, if the claimant is in school ..., the Administration 'will ask [claimant's] teacher(s) about [claimant's] performance in [claimant's] activities throughout [the]

school day. [The Administration] will consider all the evidence [it] receive[s] from [claimant's] school, including teacher questionnaires, teacher checklists, group achievement testing, and report cards.' " *Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 434 (E.D.N.Y. 2014) (quoting 20 C.F.R. § 416.924a(b)(7)(ii)); *see also Abrams v. Comm'r of Soc. Sec.*, No. 13-CV-5568, 2016 WL 614683, at *9 (E.D.N.Y. Feb. 16, 2016) ("In a case involving a school-age child, an ALJ's obligation to develop the administrative record includes an obligation to obtain information about how the claimant is functioning in school and any related educational reports.")

An ALJ's failure to fully develop a school-age claimant's educational record warrants remand. *See Price*, 42 F. Supp. 3d at 434 (remanding in part because the ALJ did not fully develop the educational record); *see Caldwell o/b/o J.W. v. Berryhill*, 2018 WL 1081009, at *3 (W.D.N.Y. Feb. 28, 2018) (remanding where the ALJ failed to develop the record to include school transcripts and records from relevant school years, despite the fact that Plaintiff's counsel did not indicate additional records were necessary).

Although the ALJ has a duty to develop the record, Plaintiff has an ongoing duty to disclose "any additional related evidence about which [Plaintiff] become[s] aware." 20 C.F.R. § 416.912(a)(1).  Where, as here, Plaintiff is represented by counsel, "it is well settled that a representative has an affirmative duty to provide competent assistance to the claimant, including acting with reasonable promptness to help obtain information or evidence the claimant must submit."  SSR 17-4p, 2017 WL 4736894 at *4.  Plaintiff's duty "applies at each level of the administrative review process, including

the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. § 416.912(a)(1).

Further, the ALJ's duty to develop the record does not relieve counsel of his duty to provide competent representation.  *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011).  Representatives have an affirmative duty "to help obtain the information or evidence that the claimant must submit under [the] regulations and forward the information or evidence [to the Commissioner] for consideration as soon as practicable."  20 C.F.R. § 416.1540(b)(1); *see Bushey v. Colvin*, 607 F. App'x 114, 115 (2d Cir. 2015) (ALJ's "obligation [to develop the record] is lessened where, as here, the claimant is represented by counsel who makes insufficient efforts to incorporate earlier records").

Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record - indeed, to exhort the ALJ that the case is ready for decision - and later fault the ALJ for not performing a more exhaustive investigation.  *Lindsay B. v. Comm'r of Soc. Sec.*, No. 20-CV-00897, 2021 WL 4912588, at *4 (W.D.N.Y. Oct. 21, 2021) (citing *Maes v. Astrue,* 522 F.3d 1093, 1097 (10th Cir. 2008). Overall, although it is the ALJ's obligation "to assist in developing the administrative record, that obligation does not entirely supplant a claimant's obligation to diligently prosecute his or her case."  *Dennis M. v. Comm'r of Soc. Sec.*, No. 20-CV-880S, 2022 WL 537620, at *6 (W.D.N.Y. Feb. 23, 2022).

Here, Plaintiff asserts almost three years of Claimant's education records are missing from the record despite counsel's "unsuccessful efforts" to obtain them.  (Dkt. No. 7 at 6.)  At the time of Claimant's 2018 application and hearing she attended North

Tonawanda Central School District ("North Tonawanda CSD").  (T. 151.)  Claimant

began school in North Tonawanda in the fall of 2017, prior to which, Claimant attended

elementary school in the Elba Central School District from 2015 through 2017.  (*Id.*)

In March and April of 2018, the Social Security Administration ("SSA") requested

records from "Meadow School," Claimant's elementary school at the time located within

the North Tonawanda CSD.  (T. 53, 151.)  The SSA further requested records from

North Tonawanda CSD in May 2018.  (*Id.*)  In a facsimile dated May 3, 2018, North

Tonawanda responded they had "no records."  (T. 234-235.)[1]

Plaintiff's counsel also requested educational records.  In a letter dated

November 8, 2019, Plaintiff's counsel informed the ALJ she was seeking records from

"Meadow Elementary School" from April 25, 2018, through the date of the letter.  (T.

192.)  In a letter dated December 17, 2019, Plaintiff's counsel again informed the ALJ

she was seeking records from "Meadow Elementary School."  (T. 194.)  In a letter dated

December 30, 2019, counsel indicated she was seeking records from "Meadow

Elementary School" and "North Tonawanda Intermediate School."  (T. 196.)

In January 2020, Plaintiff's counsel submitted records from North Tonawanda

Intermediate School.  (T. 278-287.)  The supplied records consisted only of Claimant's

"Annual Health Appraisal Form."  (T. 279, 287.)  Also in January 2020, counsel

submitted Claimant's "Section 504 Accommodation Plan" (504 Plan) dated November

14, 2019.  (T. 198-204.)  Claimant's 504 Plan allowed for seating modification, direction

repetition, and on task focusing prompts.  (T. 201.)  The 504 Plan noted Claimant did

---

[1]       The information requested included PT/OT notes, counseling notes, psychiatric
evaluation, teacher questionnaire, IEP and associated testing, eye exam and visual fields, speech and
language exam, physical examination, academic evaluation, attendance records, psychological testing,
and administrative information.  (T. 235.)

not undergo statewide or districtwide assessments (T. 203), did not require assistive technology devices and/or services (T. 203), and did not require testing accommodations (T. 204).  The record contains no other education records.

During Claimant's 2020 hearing, counsel informed the ALJ she was still seeking education records and was "following up" with the school district.  (T. 35.)  Plaintiff testified Claimant was in the fourth grade (T. 37) in general education classes (T. 41).  Plaintiff testified Claimant was "failing."  (T. 41.)  At the end of the hearing, the ALJ stated he would hold the record open for 30 days for additional evidence.  (T. 48.)  No additional evidence was provided within those 30 days, nor did counsel request addition time or assistance from the ALJ in obtaining records.  No additional education records were submitted to the AC or this Court.

Here, the ALJ properly developed the record.  A review of the record, as outlined above, indicates educational records were requested and received by the SSA, additional records were requested, received, and submitted from North Tonawanda CSD by counsel, and no additional records were obtained after the hearing.

A thorough review of the record fails to support Plaintiff's assertion she was unsuccessful in obtaining records.  (Dkt. No. 7 at 6.)  As outlined herein, Plaintiff requested, received, and submitted records from North Tonawanda CSD.  Plaintiff does not explain what records, if any, were still outstanding.  *See Curley v. Comm'r of Soc. Sec. Admin.,* 808 F. App'x 41, 44 (2d Cir. 2020) (ALJ did not fail to develop record where at the hearing plaintiff did not state he had records that needed to be obtained and plaintiff did not provide additional record to the district court and does not describe their contents); *Miller v. Comm'r of Soc. Sec. Admin.*, 784 F. App'x 837, 839 (2d Cir.

2019) ("Although Miller argues that all of her medical records were not included in the administrative record, the record did not contain any obvious gaps that would require the ALJ to further develop the record. The Social Security Administration obtained records from multiple healthcare providers, including treating physicians, therapists, and evaluators. Miller does not specify which providers' records were missing or what those records would show."); *see Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018) ("theoretical possibility [that records exist] does not establish that the ALJ failed to develop a complete record").  In addition, Plaintiff's failure to seek additional time or assistance from the ALJ undermines her assertion she was unsuccessful in, or had difficulties, obtaining records.

Further, if North Tonawanda provided an incomplete record as Plaintiff contends, the duty to develop the record is nonetheless satisfied where, as here, the ALJ requested records and received a response, even if the response was "incomplete." *Drake v. Astrue*, 443 F. App'x 653, 656 (2d Cir. 2011).  A provider's failure to provide records "does not mean that the ALJ did not exercise reasonable efforts to develop the record." *Drake*, 443 F. App'x at 656.  Here, SSA requested educational records from North Tonawanda and received the response "no records."  (T. 234-235.)  Plaintiff submitted records and did not seek assistance from the ALJ; therefore, "nothing in the record suggests that the ALJ should have known that [. . .] response was incomplete." *Id.*

Plaintiff asserts, without citation to any authority, the ALJ erred because he "took no action to request or subpoena the outstanding education records after Plaintiff's counsel was unsuccessful in obtaining them."  (Dkt. No. 7 at 8.)  Contrary to Plaintiff's

claim, an ALJ is not required to issue a subpoena when counsel encounters difficulty obtaining records.  An ALJ "may" issue a subpoena "on his or her own initiative or at the request of a party" when "it is reasonably necessary for the full presentation of a case." 20 C.F.R. § 416.1450(d); *see also* HALLEX I-2-5-78(C) (Generally, an ALJ will only issue a subpoena on his or her own initiative when an individual has information or can offer testimony that the ALJ determines is reasonably necessary for the full presentation of the case and all other means of obtaining this information or testimony have been exhausted.)  Therefore, the decision to issue a subpoena is at the discretion of an ALJ based on the circumstances of the individual case.

Lastly, the ALJ did not err in failing to develop the record because the record was adequate for the ALJ to make a determination.  *Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018).  The record contained treatment notations from Claimant's primary provider who also prescribed medication, a consultative examination, a consultative speech and language evaluation, a teacher questionnaire, Claimant's 504 plan, and Plaintiff's testimony.

Plaintiff further argues the ALJ's findings in the various domains were faulty because the "missing" education records would provide additional information about Claimant's "true functioning."  (Dkt. No. 7 at 10.)  However, as outlined herein, the school district informed the ALJ that they had no additional records.  (T. 234-235.) Claimant's 504 Plan did not list any evaluations or reports other than a letter of diagnosis.  (T. 203.)  The 504 Plan did not indicate Claimant was receiving any additional "services" such as speech therapy.  (*Id.*)  The "theoretical possibility [that records exist] does not establish that the ALJ failed to develop a complete record."

*Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018).  Overall, the ALJ properly developed the record where education records were requested and received, the ALJ left the record open for additional records, Plaintiff did not request additional time or assistance in seeking records, Plaintiff did not supply additional records to the AC or this Court, and the record was adequate to make a determination.

**ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and it is further

      **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      August 15, 2022

                                   William B. Mitchell Carter
                                   U.S. Magistrate Judge